**STATE of Iowa, Appellant,**

v.

**$2,434.00 CASH, Michael Scott Benshoof, Claimant–Appellee.**

**No. 89–1087.**

Court of Appeals of Iowa.

Aug. 30, 1990.

Thomas J. Miller, Atty. Gen., Sarah J. Coats, Asst. Atty. Gen., James Smith, County Atty., and Jamie Bowers, Asst. County Atty., for appellant.

Rick L. Olson, Des Moines, for claimant-appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

HAYDEN, Judge.

Police officers executed a search warrant at the residence of Michael Benshoof. The officers found drugs, drug paraphernalia, and weapons. They also found Michael Benshoof attempting to escape from the house through a back door. Benshoof was patted down for weapons. During this pat-down search, the officers discovered $2434 in cash in Benshoof's pockets and wallet.

The State filed a notice of forfeiture of the cash, pursuant to Iowa Code section 809.1(2). That statute permits the forfeiture of the following kinds of property, among others:

> b. Property which has been used or is intended to be used to facilitate the commission of a criminal offense or to avoid detection or apprehension of a person committing a criminal offense.

> c. Property which is acquired as or from the proceeds of a criminal offense.

The State alleged the cash in question was forfeitable under either of these definitions.

At the forfeiture hearing, Benshoof testified he had obtained the cash from the sale of a car. He produced a written receipt for the alleged car sale, dated the same day as the search and filled out entirely by Benshoof. Title to the car was transferred some two months later. The State presented no direct evidence concerning the source

of the cash. The State relied on circumstantial evidence to suggest the cash had come from drug sales. However, the State presented no evidence the cash had been marked money used in a police-supervised drug buy, or that the cash had been transferred to Benshoof during any particular known drug transaction.

A district associate judge ordered the cash forfeited to the State. On appeal to the district court the forfeiture order was overturned. The district court held the State had not met its burden to prove by a preponderance of the evidence the cash was forfeitable.

The State has appealed from the district court's ruling. The State contends the district court erred by allegedly assuming only direct evidence is probative in determining forfeitability under chapter 809. The State argues circumstantial evidence is equally probative, and the State asserts the circumstantial evidence presented at the hearing was sufficient to establish that the cash was forfeitable property.

■ Our review of this case is on error of law. Iowa R.App.P. 4. The forfeiture power of the state is statutory. Iowa Code § 809.7. Although forfeiture statutes are not criminal statutes, they are penal in nature and are to be strictly construed. *In re Property Siezed from Kaster*, 454 N.W.2d 876, 877 (Iowa 1990).

At a forfeiture hearing, the burden is on the state to prove by a preponderance of the evidence the property is forfeitable. Iowa Code § 809.11(1). If the total value of the property sought to be returned is less than $5,000, the proceeding may be conducted by a magistrate or a district associate judge with appeal as in the case of small claims. Iowa Code § 809.10(2).

> The appeal shall be promptly heard upon the record thus filed without further evidence.... If the original action was tried by a district associate judge, the appeal shall be decided by a district judge.... The judge shall decide the appeal without regard to technicalities or defects which have not prejudiced the substantial rights of the parties, and may affirm, reverse, or modify the judgment,

> or *render judgment as the judge or magistrate should have rendered.*

Iowa Code 631.13(4)(a).

Appellate review is discretionary, and the regular rules of appellate procedure apply. Iowa Code § 631.16. If supported by substantial evidence and justified under the law, the district judge's findings are binding on us and the judgment will not be disturbed on appeal. *In re Property Seized from Rush*, 448 N.W.2d 472, 477 (Iowa 1989); Iowa R.App.P. 4.

■ In this case the claimant, Benshoof, testified he sold a car for $2,500 on the day of the search. The associate district judge did not believe "somebody would pay $2,500 for a 1967 Ford in 1989." The car in question, however, was a 1967 Ford Fairlane convertible, a collector's car. Benshoof's claim is buttressed by the record showing the car was indeed registered in the buyer's name some two months later.

The State presented no evidence contradicting the testimony such a car existed, the car had been sold as claimed, or the car was not worth what Benshoof said it was. In fact, the evidence in the record plainly substantiates Benshoof's version.

This case went to the district court on appeal in the same manner as a small claims appeal. In such an appeal, the district judge is to review the record and render judgment *as it should have been rendered.* Iowa Code § 631.13(4)(a). We are bound by the district court's findings if supported by substantial evidence. *In re Property Seized from Rush*, 448 N.W.2d at 477.

Substantial evidence exists on the record to support the district court judge's holding the state failed to carry its burden by a preponderance of the evidence. We affirm the district court in its reversal of the associate district court.

AFFIRMED.